■ GEORGE B. CLARKE & SONS, INC., Respondent-Appellant, v. BAR HARBOUR SHOPPING CENTER, INC., Appellant-Respondent. (Action No. 1.) BAR HARBOUR SHOPPING CENTER, INC., Respondent-Appellant, v. GEORGE B. CLARKE & SONS, INC., Appellant-Respondent. (Action No. 2.) — In two consolidated actions, Action No. 1 being by George B. Clarke & Sons, Inc., to recover the balance due under a contract to construct for Bar Harbour Shopping Center, Inc., a parking area of approximately 120,000 square yards at the site of a shopping center in Massapequa Park; and Action No. 2 being by Bar Harbour to recover damages for breach of the said contract by Clarke, based upon its alleged failure to perform the work according to specifications and its alleged failure to repair defective work, the parties cross-appeal as follows from a judgment of the Supreme Court, Nassau County, entered August 6, 1962 after trial, upon a jury's verdict, in Clarke's favor for $7,878.34 against Bar Harbour in Action No. 1, and in Bar Harbour's favor for $15,000 against Clarke in Action No. 2: Clarke appeals from so much of the judgment as is adverse to it and as failed to add interest to the amount of the verdict in its favor. Bar Harbour appeals from so much of the judgment as is adverse to it and as failed to add interest to the amount of the verdict in its favor. Judgment, insofar as appealed from by the respective parties, reversed on the law and the facts, without costs,

and a new trial granted. On the trial Clarke offered testimony that the asphalt paving of the parking area was laid according to the contract specifications and in a workmanlike manner. Evidence to the contrary was offered by Bar Harbour. The jury therefore had a basis for determining whether Clarke was entitled to the balance due under said contract. There was, however, insufficient evidence offered on which to base a determination as to the extent, if any, of the areas of the parking field which required repair because of defective workmanship, or as to the cost of such repair. Upon rendition of the jury's verdict, awarding Clarke $7,878.34 for the balance due under the contract and also awarding Bar Harbour $15,000 for repairs not done by Clarke, the court expressed concern as to the method utilized by the jury in arriving at a damage figure for the repair work, but denied motions to set the verdict aside. This case turns on whether the contract was duly performed in accordance with its terms. But in the light of the jury's verdict in favor of both parties, it is impossible to ascertain definitely what its finding was as to Clarke's performance of the contract. Upon the new trial, the difficulty might well be resolved through the medium of a special verdict as permitted by the statute (CPLR 4111). In any event, the jury awards to both parties are basically contradictory. By its award to Clarke, the jury presumably found that the contract had been fully performed. By its award to Bar Harbour, the jury presumably found that Clarke did not fulfill its contract obligation to repair defects due to faulty workmanship. Hence, even if it be assumed, *arguendo*, that there was ample evidence to make a determination as to the extent and the cost of repair work not done by Clarke, nevertheless the verdict may not stand because of its inherent inconsistency. Beldock, P. J., Kleinfeld, Christ and Rabin, JJ., concur; Hill, J., dissents and votes to affirm the judgment, with the following memorandum: I am unable to agree with the majority of the court that a new trial is necessary in order to do justice to the parties in this extended litigation after a long trial. The two actions were tried together: the first, by Clarke, a contractor, against Bar Harbour, the owner of a shopping center, to recover $7,878.34 as the balance claimed to be due on the paving contract; and the second, by Bar Harbour against Clarke, to recover damages of $225,000 based upon the claim that Clarke failed to perform the work in accordance with the contract, thereby necessitating extensive repairs. The court, in its charge to the jury, reviewed the evidence and explained the principles of law applicable to both claims, *to all of which no exceptions were taken*. The jury returned a verdict in the first action in Clarke's favor for $7,878.34, representing the full amount demanded by it; and in the second cause, in Bar Harbour's favor for $15,000. Among other things, the court charged the jury as follows: "If the work has been so done, it should be paid for. If there are defects in the work, then, as I told you, it would be the duty of the contractor to repair them. If he does not repair them within a reasonable time after notice, then the owner should repair them and charge what it costs him for reasonable repairs to the contractor or refuse to pay any portion of the bill which remained unpaid." The court also instructed the jury to the following effect: "You will have to try and determine from all of the testimony that you have, how much of this work, if any, was not done in a good and workmanlike manner. If you so believe, then, of course, you will apportion that between Clarke and between Bar Harbour. "*I don't know that you follow exactly what I mean, but I am going right back to what I said to you before. If Clarke did his work, and it was all done in a good and workmanlike manner, he should get his money. If he didn't do it, and he owes Bar Harbour something because they had to repair, then they are entitled to those figures. You adjust that when you get up into your jury room. I don't know anything else that I want to tell you.*" (Emphasis added.) Viewed in the light of the court's charge,

to which no exception was taken and which therefore is the law of the case, the verdict can mean only that the contractor finished the work under the contract and consequently is entitled to the unpaid balance of $7,878.34 in Action No. 1, but that by reason of defective workmanship the owner is entitled to $15,000 damages in Action No. 2. As to both actions, therefore, the net result is a verdict in favor of Bar Harbour for $7,121.66, the difference between the two awards. Such a common-sense construction follows the law of the case and does justice between the parties without the necessity of another long and expensive trial. In my opinion the basic inconsistency in the awards found by the majority is more theoretical than real.